Daniel C. Cotman (SBN 218315)
dcotman@cotmanip.com
Rasheed McWilliams (SBN 281832)
Rasheed@cotmanip.com
Obi I. Iloputaife (SBN 192271)
obi@cotmanip.com
COTMAN IP LAW GROUP, PLC
35 Hugus Alley, Suite 210
Pasadena, CA 91103
(626) 405-1413/FAX: (626) 628-0404

*Attorneys for Plaintiff*
*Cotman IP Law Group, PLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COTMAN IP LAW GROUP PLC, a California Professional law corporation<br><br>Plaintiff,<br><br>v.<br><br><br>ARCHITELOS, INC., a Delaware Corporation<br><br>Defendants. | Case No. 2:15-CV-00511<br><br>**COMPLAINT FOR:**<br>**1) DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF TRADEMARK RIGHTS**<br>**2) FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION**<br>**3) CANCELLATION OF TRADEMARK REGISTRATION**<br>**4) COMMON LAW TRADEMARK INFRINGEMENT**<br>**5) UNFAIR COMPETITION PURSUANT TO §17200**<br>6) **COMMON LAW UNFAIR COMPETITION** |

1
**COMPLAINT**

Plaintiff Cotman IP Law Group, PLC, ("Cotman IP" or "Plaintiff"), by and through its undersigned counsel, for its Complaint against Defendant Architelos, Inc., ("Architelos" or "Defendants"), makes the following allegations. These allegations are made upon information and belief.

## JURISDICTION AND VENUE

1. This is a declaratory judgment action seeking a determination that Cotman IP, as a senior user of the mark NAMESENTRY™, does not infringe any valid trademark rights of Defendant in the mark NAMESENTRY.

2. This is also an action for false designation of origin and unfair competition pursuant to 35 U.S.C. §1125(a) and common law trademark infringement under California law.

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § § 1331 and 1338(a) because it arises under United States Trademark law and the Declaratory Judgment Act. This Court has jurisdiction over the state law claims based on 28 U.S.C. § 1367 because the state law claims form part of the same case or controversy.

4. Defendants are subject to the personal jurisdiction of this Court and venue in this District is proper under 28 U.S.C. §1391(b) and (d), in that the acts and transactions complained of herein are initiated nationwide over the Internet, through Defendants' website, www.architelos.com, including offering services over the internet accessible and targeting customers in the State of California and this judicial district. In addition, Defendant conducted business directed at California regarding its alleged trademark, including the service of a cease and desist letter on Plaintiff, which is a California corporation headquartered in this judicial district, alleging a likelihood of confusion of between Defendant's registered mark for NAMESENTRY® and Plaintiff's mark for NAMESENTRY™, threatening to pursue any and all remedies available to it, thereby creating an actual controversy between the parties and causing harm in this District.

## THE PARTIES

5. Plaintiff, Cotman IP Law Group, PLC is a California Professional law corporation organized under the laws of the State of California and has an office and principal place of business at 35 Hugus Alley, Suite 210, Pasadena, California 91103.

6. Upon information and belief, Defendant is a corporation organized under the laws of the State of Delaware having a place of business at 43622 Merchant Mill Terrace, Leesburg, Virginia 20176.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

7. Cotman IP is the common law owner of the service mark, NAMESENTRY™, which it has been using in commerce for both Computer Services, namely computerized trademark and domain name monitoring services and Legal Services, namely trademark and domain name monitoring services, since at least since November 6, 2010. See **Exhibit A**.

8. Defendant filed for and registered an *identical* mark NAMESENTRY® on October 4, 2012 in class 41 for Computer services, namely, designing and implementing domain-name abuse detection, diagnosis, mitigation and analysis services for others.  A copy of the Trademark Electronic Search System page for U.S. Trademark No. 4,342,396 is attached to this complaint as **Exhibit B**.

9. In their trademark registration application, Defendant admits it first used the NAMESENTRY® mark in commerce on March 1, 2012.

10. On information and belief, Defendant first used the mark NAMESENTRY® on its webpage on or after November 2013.

11. On January 12, 2015, Plaintiff received a cease and desist letter from Defendant, through their counsel DeSantis Law Firm, alleging willful trademark infringement, unfair competition and trademark dilution of Defendant's registered mark for NAMESENTRY® and threatening further action. A copy of the letter is attached to this complaint as **Exhibit C**.

///

# COUNT I
# DECLARATORY JUDGEMENT FOR NON-INFRINGEMNET OF FEDERAL TRADEMARK UNDER 28 U.S.C. §§ 2201 and 2202

12. Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 11 of this Complaint as if fully set forth herein.

13. Plaintiff has used their common law NAMESENTRY® mark and advertised the availability of their trademark monitoring service, both nationally and internationally, on their website, www.cotmanip.com, since November 6, 2010.

14. Through its website, www.cotmanip.com, Plaintiff offers and transacts business with customers nationally. Clients, potential clients and the general public visit the domain to utilize the services and to obtain information about Plaintiff's services, including trademark monitoring services.

15. Plaintiff as the senior user of the NAMESENTRY™ mark is entitled to all rights of use granted to a senior user, including the unrestricted right to use the NAMESENTRY™ mark for Computer Services, namely computerized trademark and domain name monitoring services and Legal Services, namely trademark and domain name monitoring services.

16. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

17. A judicial declaration is necessary and appropriate so that Plaintiff may ascertain its rights regarding the NAMESENTRY™ mark.

18. Plaintiff is entitled to a declaratory judgment that it has not infringed and does not infringe Defendant's registered NAMESENTRY® mark.

///
///
///
///

# COUNT II
# CLAIM FOR FALSE DESIGNATION OF ORIGIN OR SPONSORSHIP, FALSE ADVERTISING, TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)

19.  Plaintiff hereby incorporates by reference the allegations of paragraph 1 through 18 of this Complaint as if fully set forth herein.

20.  Defendant has knowingly used and continues to use in commerce a mark that is confusingly similar to and/or identical to Plaintiff's NAMESENTRY™ service mark, in connection with services and/or goods that Defendant is attempting to advertise, promote and sell.  Defendant has used an identical mark knowing that said mark will cause confusion with Plaintiff's services.

21.  Defendant's use of the NAMESENTRY® mark confuses, misleads and/or deceives Plaintiff's clients, potential clients and members of the general public as to the origin, source, sponsorship or affiliation of Defendant's services and/or goods, and is likely to cause such people to believe in error that Defendant's services and/or goods have been authorized, sponsored, approved, endorsed or licensed by Plaintiff or that Defendant is in some way affiliated with Plaintiff.

22.  By misappropriating and using Plaintiff's NAMESENTRY™ mark, Defendant misrepresents and falsely describes to the general public the origin and source of its services and creates a likelihood of confusion by ultimate purchasers as to both the source and sponsorship of such services.

23.  Defendant's acts constitute false and misleading descriptions, false advertising, and false designations of the origin and/or sponsorship of Defendant's services, and constitute trademark infringement and unfair competition in violation of 15 U.S.C. § 1125(a).

24.  By reason of Defendant's actions, Plaintiff has suffered irreparable harm to its valuable NAMESENTRY™ mark.

25. Plaintiff has no adequate remedy at law. If Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

26. As a result of Defendants' activities, Plaintiff has been damaged in an amount to be ascertained at trial.

27. Defendants' actions are willful and done to intentionally deceive the public. Plaintiff is entitled to a trebling of any damages award pursuant to 15 U.S.C. 1117 (a) (3).

## COUNT III
## CANCELLATION OF TRADEMARK REGISTRATION

28. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1-18 and 20-27 of this Complaint as if fully set forth therein.

29. Defendant is the owner of the mark, NAMESENTRY®, U.S. Trademark Reg. No. 4,342,396, in International Class 41 for Computer Services.

30. Defendant is also the owner of the application for the registration of the NAMESENTRY® mark in International Class 45.

31. The date of first use and first use in commerce of the mark NAMESENTRY™ by Plaintiff was well before Defendant's claimed dates of use of the NAMESENTRY® mark.

32. Plaintiff has priority of use of the NAMESENTRY™ service mark.

33. Defendant's services as identified in the NAMESENTRY® registration are closely related to Plaintiff's services sold under the NAMESENTRY™ mark and, on information and belief, have been and are being promoted through the same channels of trade.

34. On information and belief, Defendant's NAMESENTRY® mark is identical to the Plaintiff's NAMESENTRY™ mark and is likely to cause confusion, deception or mistake to Plaintiff's irreparable damage and injury, in violation of

section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d). Accordingly, the Defendant's registration for NAMESENTRY® should be cancelled.

## COUNT IV

## COMMON LAW TRADEMARK INFRINGEMENT

35. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1-18, 20-27 and 29-34 of this Complaint as if fully set forth therein.

36. As a result of the aforementioned acts, Defendant has violated Plaintiff's exclusive common law rights in the NAMESENTRY™ marks.

37. Plaintiff has continuously used the NAMESENTRY™ marks to identify their services in California and throughout the United States, in order to distinguish their services from services of a different origin.

38. Defendant's unauthorized use of the NAMESENTRY™ and/or colorable imitations of the NAMESENTRY™ marks are likely to and do permit Defendant to pass off its infringing services to the general public to the detriment of Plaintiff and the unjust enrichment of Defendant. Defendant's actions have caused and continue to cause confusion as to the source and/or sponsorship of its services.

39. Defendant's actions constitute willful infringement of Plaintiff's exclusive rights in the NAMESENTRY™ marks in violation of state common law.

40. Plaintiff is informed and believes, and alleges thereon, that in engaging in the acts described above, Defendant's acted with oppression, fraud and/or malice. The acts of Defendants have been despicable and undertaken in conscious disregard of Plaintiff's rights. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendants in an amount sufficient to punish and make an example of them according to proof.

41. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damage to its valuable trademarks in an amount to be ascertained at trial.

42. Plaintiff does not have an adequate remedy at law, and will continue to be damaged by Defendants' sale of its goods unless this Court enjoins Defendants from such fraudulent business practices.

## COUNT V

## UNFAIR COMPETITION

## IN VIOLATION OF California Civil Code §17200 et seq.

43. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1-18, 20-27, 29-34 and 36-42 of this Complaint as if fully set forth therein.

44. Defendants' misappropriation and unauthorized use of Plaintiff's service marks and trade secrets constitute unfair competition under the laws of the United States and the State of California.

45. Plaintiff is entitled to full restitution and/or disgorgement of all revenues, earning, profits, compensation, and benefits, which have been obtained by Defendants because of their unlawful business acts or practices.

46. Plaintiff is also entitled to an injunction because the fraudulent, unfair and unlawful conduct of Defendants alleged herein is causing irreparable harm to Plaintiff, is continuing and there is no indication that Defendants will cease such conduct in the future.

## COUNT VI

## COMMON LAW UNFAIR COMPETITION

47. Plaintiff hereby realleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

48. Plaintiff invested substantial time, skill or money in developing its service marks.

49. Defendants appropriated and used Plaintiff's property, including its service marks.

50. Defendants' appropriation and use of Plaintiff's property was without authorization or consent from Plaintiff.

51. As a result of Defendants' activities, Plaintiff has been damaged in an amount to be ascertained at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. A declaratory judgment that Plaintiff does not infringe the Defendant's trademark for NAMESENTRY®, U.S. Trademark Reg. No. 4,342,396;

2. A ruling that Defendant has committed false designation of origin under federal trademark law, 15 U.S.C. § 1125(a), that Plaintiff has been damaged by such violations, and that Defendant is liable to Plaintiff for such violations;

3. A ruling that Defendant trademark registration for NAMESENTRY® is cancelled due to a likelihood of confusion with Plaintiff's NAMESENTRY™ service mark;

4. A ruling that Defendant has committed trademark infringement of Plaintiff's NAMESENTRY™ trademarks under common law, that Plaintiff has been damaged by such infringement, and that Defendant is liable to Plaintiff for such infringement;

5. A ruling that Defendant has engaged in unfair competition under state statutory and common law, that Plaintiff has been damaged by such conduct, and that Defendants are liable to Plaintiff for such conduct;

6. Under all claims for relief, a permanent injunction enjoining Defendants, their employees, agents, successors and assigns, and all those in active concert and participation with them, and each of them who receives notice directly or otherwise of such injunction from:

    i. imitating, copying or using in an manner the NAMESENTRY™ trademark or any marks confusingly similar thereto, including without limitation, any marks containing the words "Name" and "Sentry";

    ii. using any false designation of origin or false description, including, without limitation, any letters, symbols, or designs constituting the

NAMESENTRY™ trademark or any mark(s) confusingly similar thereto or performing any act that can, or is likely to lead members of the trade or public to believe that any service or product manufactured, distributed, and/or sold by Defendants are, in any manner, associated or connected with Plaintiff or NAMESENTRY™, or are sold, manufactured, licensed, sponsored, approved or authorized by Plaintiff;

7.  An order directing such other relief as this Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that services or goods manufactured, sold or otherwise circulated or promoted by Defendant are authorized by Plaintiff;

8.  For an award of Plaintiff's damages trebled or, alternatively, an award of Defendant's wrongful profits trebled, whichever is greater;

9.  For an award of Plaintiff's attorneys' fees and costs as permitted by law;

10. For punitive damages pursuant to Plaintiff's common law and state statutory claims;

11. For the imposition of a constructive trust;

12. For the disgorgement of Defendant's unlawful proceeds, including Defendant's gross profits;

13. For an award of interest, including pre-judgment interest on the foregoing amounts; and

14. For such other relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all issues and causes of action triable to a jury.

///
///
///
///

Respectfully submitted,

DATED: January 22, 2015      **COTMAN IP LAW GROUP, PLC**

By:_____
Daniel C. Cotman
Rasheed M. McWilliams
Obi I. Iloputaife
COTMAN IP LAW GROUP, PLC
35 Hugus Alley, Suite 210
Pasadena, CA 91103
Telephone: (626) 405-1413
Facsimile: (626) 316-7577

Attorneys for Plaintiff
*Cotman IP Law Group, PLC*